■ In the Matter of FREDERICK BROTHERTON, Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Conservation of the State of New York dated May 23, 1990, which, after a hearing, denied the petitioner's application for a permit to erect a bulkhead on his tidal wetlands property. The proceeding was transferred to this Court by order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 14, 1990.

Adjudged that the determination is confirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance with ECL 25-0404.

The petitioner is the owner of a parcel of real property consisting of approximately 1.6 acres, located on Dune Road in Quogue, Suffolk County. The property abuts the Quogue Canal. Prior to 1983, a bulkhead (i.e., retaining seawall) separated the petitioner's property from the waters of the canal. In or about 1983, however, the bulkhead was undermined and washed out. Although initial steps were taken toward the replacement of the bulkhead, the petitioner did not follow through. Consequently, the tidal flows of the canal encroached and a wetland environment became established on the property. In 1988 the petitioner filed an application, *inter alia,* to replace 200 feet of existing bulkhead and to introduce approximately 500 cubic yards of fill to stabilize the bulkhead. In 1989, however, the application was adjourned and following remapping proceedings, 1.5 of the petitioner's 1.6 acres were officially designated as tidal wetlands. The application resumed and was denied as the Commissioner sustained the findings of an Administrative Law Judge that the proposed bulkhead project would have adverse impacts upon the wetland. We now confirm.

The Commissioner's determination was clearly supported by substantial evidence *(see, Matter of Haines v Flacke,* 104 AD2d 26) and was not arbitrary or capricious. The petitioner bears the burden of proving that the proposed wetlands development meets the applicable standards of 6 NYCRR 661.9. Among those matters that must be demonstrated are that the proposed project will not have an undue adverse impact upon the affected tidal wetland (6 NYCRR 661.9 [b] [1] [i]) and that the project is reasonable and necessary (6 NYCRR 661.9 [b] [1] [iii]). The evidence amply supported the Commissioner's determination that the erection of a bulkhead would impede the nourishing tidal flows and that, in combination with the introduction of fill, the proposed project would destroy the designated wetlands on the petitioner's property. Moreover, the petitioner did not establish that the bulkhead was reasonable and necessary to the continued use of his property. The only use he derived from the undeveloped parcel was to dock his boat in the bulkheaded slip on the property. The Commissioner's determination permitted the replacement of the bulkhead in the boat slip and there was no evidence that replacement of the entire shorefront bulkhead was necessary to the

continued use of the slip. Accordingly, the petitioner has failed to establish that the Commissioner's determination is infirm.

The Commissioner's prior negative declaration under SEQRA (ECL art 8) did not estop the Commissioner from denying a wetlands permit after re-evaluation of the proposed project in light of the subsequent designation of the property as a tidal wetland, since the record establishes that the project is incompatible with the purposes of ECL article 25 (see, *Goldhirsch v Flacke,* 114 AD2d 998, 999; *see also, New City Off. Park v Planning Bd.,* 144 AD2d 348).

We find that the record of the administrative hearing is insufficient to determine whether the denial of the petitioner's application is so burdensome as to constitute a taking, in which case the Commissioner must either grant the application or commence condemnation proceedings (see, ECL 25-0404). Accordingly, we remit the matter to the Supreme Court for the purpose of an evidentiary hearing to determine "whether the wetlands regulations, considered together with the denial of the [application] would work an unconstitutional taking of [the] petitioner's property" *(Matter of Smith v Williams,* 111 AD2d 855; *Matter of Haines v Flacke,* 104 AD2d 26, *supra; see also, Spears v Berle,* 48 NY2d 254). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.