In the Matter of FREDERICK BROTHERTON, Appellant, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Respondent. [675 NYS2d 121] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Conservation of the State of New York, dated May 23, 1990, which, after a hearing, denied the petitioner's application for a permit to erect a bulkhead on his tidal wetlands property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered April 17, 1997, which, after a hearing, adjudged that the denial of his application did not constitute an unconstitutional taking of his property interests and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The real property at issue in this appeal is a parcel consisting of approximately 1.6 acres, located on Dune Road in Quogue and abutting the Quogue Canal. In 1990, after the petitioner's application to reconstruct the washed-out bulkhead on this property was denied by the Department of Environmental Conservation of the State of New York (hereinafter the DEC), the petitioner commenced this CPLR article 78 proceeding. That proceeding was transferred to this Court, which confirmed the determination of the DEC, but remitted the matter to the Supreme Court, Suffolk County, "for the purpose of an evidentiary hearing to determine 'whether the wetlands regulations, considered together with the denial of the [application] would work an unconstitutional taking of [the] petitioner's property' (*Matter of Smith v Williams,* 111 AD2d 855; *Matter of Haines v Flacke,* 104 AD2d 26; *see also, Spears v Berle,* 48 NY2d 254)" (*Matter of Brotherton v Department of Envtl. Conservation,* 189 AD2d 814, 816).

The Supreme Court properly precluded the petitioner from presenting evidence that he acquired title to the subject property in 1958, when it was purchased by a corporation which he claims to have completely controlled. While the corporation

may have purchased the property in 1958, the parcel was not conveyed to the petitioner until 1979, at which time the petitioner concedes it already had become subject to regulation under the Tidal Wetlands Act (ECL art 25; L 1973, ch 790). The petitioner contends that the corporation was merely his alter ego and that he therefore should be considered the true owner of the property since 1958. However, since he received the benefits of corporate ownership for many years and previously succeeded in preventing the DEC from obtaining disclosure on the issue of his involvement in the corporation, he may not now disregard the corporate form of ownership merely because it no longer serves his interests. Accordingly, the Supreme Court correctly determined that the petitioner's acquisition of the parcel did not predate its regulation under the Tidal Wetlands Act. Similarly, the DEC's denial of the petitioner's application did not work an unconstitutional taking of the petitioner's property interests, since he failed to demonstrate that, at the time he acquired title, he possessed the right to develop and use the property in the manner which he proposes (*see, Matter of Gazza v New York State Dept. of Envtl. Conservation,* 89 NY2d 603, *cert denied* 522 US 813; *see also, Lucas v South Carolina Coastal Council,* 505 US 1003), nor did he sustain his heavy burden of establishing that regulation precludes the use of the property as a whole for any purpose for which it is reasonably adapted (*see generally, de St. Aubin v Flacke,* 68 NY2d 66). Copertino, J. P., Thompson, Sullivan and Friedmann, JJ., concur. *[See,* 172 Misc 2d 334.]