■ In the Matter of MICHAEL MATTHEWS, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [807 NYS2d 314]—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation, dated May 20, 2004, which adopted, in part, the recommendation of an Administrative Law Judge, made after a hearing, denying the petitioner's permit application to construct a dock structure in a tidal wetland.

Adjudged that the determination is confirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance with ECL 25-0404.

The determination of the respondent, New York State Department of Environmental Conservation, must be confirmed, as it was supported by substantial evidence and was not arbitrary or capricious (*see Matter of Grimaldi v New York State Dept. of Envtl. Conservation,* 299 AD2d 410 [2002]; *Matter of Brotherton v Department of Envtl. Conservation of State of N.Y.,* 189 AD2d 814, 815 [1993]).

The record of the administrative hearing is insufficient to determine whether the denial of the petitioner's application is so burdensome as to constitute a taking, in which case, the respondent must either grant the application or commence condemnation proceedings (*see* ECL 25-0404).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for an evidentiary hearing to determine whether the wetlands regulations, coupled with the denial of the permit application, constituted an unconstitutional taking of the petitioner's property (*see Matter of Grimaldi v New York State Dept. of Envtl. Conservation, supra* at 410-411; *Matter of Brotherton v Department of Envtl. Conservation of State of N.Y., supra* at 816; *see also Spears v Berle,* 48 NY2d 254, 261, 264 [1979]). Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.