■ In the Matter of ANTHONY VENDITTI et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [868 NYS2d 764]—

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179 [1978]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*id.* at 180; *see Matter of Steward v Mulligan,* 47 AD3d 822, 823 [2008]; *Matter of Lynnann P. v Suffolk County Dept. of Social Servs.,* 28 AD3d 484, 485 [2006]). " 'In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a "reasonable fulcrum of support in the record" to sustain the body's findings' " (*Matter of Bradley Corporate Park v Crotty,* 39 AD3d 632, 634 [2007], quoting *Matter of Furey v County of Suffolk,* 105 AD2d 41, 43 [1984]).

Here, the respondent's determination that the petitioners violated the Freshwater Wetlands Act (*see* ECL art 24) by performing certain activities on land officially designated as a freshwater wetland and on adjacent land within 100 feet thereof, without the required permit, is supported by substantial evidence. In addition, it cannot be concluded as a matter of law that the respondent's determination to order the petitioners to perform restoration to the extent possible "is so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Waldren v Town of Islip,* 6 NY3d 735, 736 [2005], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *see Matter of Rutkunas v Stout,* 8 NY3d 897, 899 [2007]).

The petitioners' remaining contentions are without merit. Spolzino, J.P., Carni, Eng and Leventhal, JJ., concur.