In the Matter of THOMAS M. DECILLIS et al., Petitioners, v ALEXANDER B. GRANNIS, Commissioner of New York State Department of Environmental Conservation, et al., Respondents. [894 NYS2d 72]—

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179 [1978]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d at 180; *see Matter of Berenhaus v Ward,* 70 NY2d 436, 443

[1987]; *Matter of Venditti v New York State Dept. of Envtl. Conservation,* 57 AD3d 685, 686 [2008]). "In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of Bradley Corporate Park v Crotty,* 39 AD3d 632, 634 [2007] [citations and internal quotation marks omitted]).

Here, the petitioners submitted an application for an area variance allowing them to subdivide their property, which was located in the Nissequogue River recreational river corridor and thus fell within the purview of the Wild, Scenic and Recreational Rivers System (*see* ECL 15-2701 *et seq.*), into lots smaller than the required minimum of two acres (*see* 6 NYCRR 666.13 [C] [2] [b], note [iii]). Contrary to the petitioners' contentions, the determination of the respondent Alexander B. Grannis, Commissioner of the New York State Department of Environmental Conservation, inter alia, that the development would result in adverse environmental impacts within the river corridor was supported by substantial evidence (*see* 6 NYCRR 666.9 [a] [2]).

The petitioners' remaining contentions are without merit. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.