■ In the Matter of EFSTATHIOS VALIOTIS et al., Petitioners, v STATE OF NEW YORK et al., Respondents. [944 NYS2d 594]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Peter Grannis, Commissioner of the New York State Department of Environmental Conservation, dated March 25, 2010, which (1) adopted the findings and conclusions of an Administrative Law Judge, made after a hearing, inter alia, that the petitioners had violated Environmental Conservation Law article 25 by, among other things, construct-

ing a seawall, deck, and staircase in or adjacent to a tidal wetlands area without a permit, (2) directed the petitioners to submit a remediation and restoration plan to the New York State Department of Environmental Conservation, and (3) imposed a penalty in the sum of $100,000, $70,000 of which was to be suspended provided that the petitioners complied with the provisions of the determination.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In this proceeding in which the petitioners challenge an agency determination that was made after a quasi-judicial hearing at which evidence was taken, we must consider whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). "In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of Bradley Corporate Park v Crotty*, 39 AD3d 632, 634 [2007] [internal quotation marks omitted]).

Here, contrary to the petitioners' contentions, the determination of the respondent Peter Grannis, Commissioner of the New York State Department of Environmental Conservation, that the petitioners had constructed a seawall, deck, and staircase, removed vegetation and placed fill in a tidal wetlands area and on the "waters of the state" without a permit, in violation of the Environmental Conservation Law (hereinafter ECL), was supported by substantial evidence (ECL 25-0401; *see* 15-0503 [1] [b]; 6 NYCRR 661.8), as was the determination that the petitioners had violated the ECL by improperly placing fill in the navigable waters of the state without a permit (*see* ECL 15-0505; 6 NYCRR 608.5).

The petitioners' remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.