In the Matter of KATHLEEN WILSON, Petitioner, v PETER M. IWANOWICZ et al., Respondents. [949 NYS2d 74]—

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Substantial evidence "means such relevant proof as a reason-

able mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]). "In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of DeCillis v Grannis*, 69 AD3d 851, 852 [2010] [internal quotation marks omitted]).

Here, the petitioner sought to subdivide her property, a 1.1-acre parcel improved by a single-family dwelling, into two equal size lots and construct a new single-family dwelling on the unimproved lot. Since the property lies within the recreational river area of the Nissequogue River, it is subject to the Wild, Scenic and Recreational Rivers System (hereinafter WSRRS) Act (*see* ECL 15-2701 *et seq.*) and its implementing regulations. Accordingly, the petitioner filed an application for a WSRRS permit and area variance from the requirement that each private dwelling be located on a lot at least two acres in size (*see* 6 NYCRR 666.13 [C] [2] [b], note [iii]). After an adjudicatory hearing required by law, at which evidence was taken (*see* ECL 15-2709 [3]; ECL 70-0119; 6 NYCRR 624.8), the New York State Department of Environmental Conservation (hereinafter the DEC) denied the petitioner's application.

Contrary to the petitioner's contention, the DEC's determination to deny the permit and area variance under the standards set forth in 6 NYCRR 666.9 (a) (2) was supported by substantial evidence (*see Matter of DeCillis v Grannis*, 69 AD3d at 852). Moreover, the petitioner failed to demonstrate that the determination was inconsistent with a prior DEC decision to issue a variance on essentially the same facts, and, in any event, the DEC articulated a reason for reaching a different result in denying the petitioner's request for a variance (*see Matter of Crilly v Karl*, 67 AD3d 793, 795 [2009]; *Matter of Clinton Mews Owners Corp. v New York City Water Bd.*, 62 AD3d 872, 874 [2009]; *Matter of Pesek v Hitchcock*, 156 AD2d 690, 690-691 [1989]; *cf. Knight v Amelkin*, 68 NY2d 975, 977-978 [1986]; *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520-521 [1985]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.