■ In the Matter of EFSTATHIOS VALIOTIS et al., Appellants, v STATE OF NEW YORK et al., Respondents. [54 NYS3d 706]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Peter Grannis, Commissioner of the New York State Department of Environmental Conservation, dated March 25, 2010, the petitioners appeal from a judgment of the Supreme Court, Queens County (McDonald, J.), entered February 6, 2015, which, upon an order dated November 26, 2014, inter alia, granting summary judgment to the respondents on their counterclaims, is in favor of the respondents and against them declaring that the petitioners violated the Commissioner's determination dated March 25, 2010, by failing to pay the assessed penalties and failing to comply with the remedial obligations directed by the determination, awarding the State of New York a money judgment in the principal sum of $100,000 plus costs and applicable interest for the unpaid penalty assessed in the Commissioner's determination, and declaring that the petitioners must fulfill all remedial obligations set forth in the Commissioner's determination.

Ordered that the judgment is affirmed, with costs.

The petitioners commenced this proceeding pursuant to CPLR article 78 to challenge a determination of the respondent Commissioner of the New York State Department of Conservation (hereinafter the DEC), made after a hearing, that the petitioners violated articles 15 and 25 of the Environmental Conservation Law. The respondents asserted counterclaims seeking to enforce the Commissioner's determination. The proceeding was transferred to this Court to determine the issue of whether substantial evidence supported the Commissioner's determination. This Court confirmed the determination, denied the petition, and dismissed the proceeding on the merits in a decision and judgment dated May 8, 2012 (*see Matter of Valiotis v State of New York,* 95 AD3d 1026 [2012]).

Inasmuch as neither party had addressed the counterclaims, this Court's decision and judgment made no mention of the counterclaims.

The respondents then moved to restore the proceeding to the Supreme Court's calendar and for summary judgment on their counterclaims. The Supreme Court granted the motion and entered a judgment in favor of the respondents. The petitioners appeal.

The Supreme Court properly granted that branch of the respondents' motion which was to restore the matter to the calendar, as our decision and judgment denying the petition and dismissing the proceeding upon our conclusion that the Commissioner's determination was supported by substantial evidence did not foreclose consideration of the counterclaims.

Upon restoring the matter to its calendar, the Supreme Court properly granted the respondents' motion for summary judgment on the counterclaims. The respondents established their prima facie entitlement to judgment as a matter of law, and, in opposition, the petitioners failed to demonstrate the existence of a triable issue of fact (*see Matter of Valiotis v State of New York*, 95 AD3d at 1027; *Matter of Fiorillo v New York State Dept. of Envtl. Conservation*, 162 AD2d 929, 930 [1990]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.