Matter of Kelleher v New York State Dept. of Envtl. Conservation (2018 NY Slip Op 01606)





Matter of Kelleher v New York State Dept. of Envtl. Conservation


2018 NY Slip Op 01606


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JEFFREY A. COHEN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-09522
 (Index No. 2631/09)

[*1]In the Matter of Denis P. Kelleher, et al., appellants,
v
New York State Department of Environmental Conservation, respondent.


Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Stephen R. Angel, Anthony C. Pasca, and Nancy Silverman of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta and Judith N. Vale of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation dated December 24, 2008, which denied the petitioners' application for a tidal wetlands permit, or, in the alternative, to direct the respondent to commence condemnation proceedings to acquire the petitioners' property, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Garguilo, J.), dated June 24, 2015, as denied that branch of the petition which was to direct the respondent to commence condemnation proceedings to acquire the petitioners' property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The real property at issue on this appeal is a parcel consisting of 17,334 square feet located on Westminster Road, in the Town of Southampton, and bordering Calf Creek, a tributary of Mecox Bay. On December 24, 2008, the petitioners' application to construct a single-family house with accompanying septic system on the property was denied by the Department of Environmental Conservation of the State of New York (hereinafter the DEC). In 2009, the petitioners commenced this CPLR article 78 proceeding to review the DEC's determination. The proceeding was transferred to this Court, which granted the DEC's motion to remit the matter to the Supreme Court, Suffolk County, "for further proceedings pursuant to ECL 25-0404" (Appellate Division Docket No. 2009-09938). Pursuant to that statute, if the Supreme Court finds, inter alia, that the determination of the DEC "constitutes the equivalent of a taking without compensation," it may, among other things, require the DEC to acquire the property under the power of eminent domain. After a hearing, the Supreme Court found that the DEC's determination did not constitute a taking without just compensation and denied the petition in its entirety. The petitioners appeal from so much of the judgment as denied that branch of the petition which was to direct the DEC to commence condemnation proceedings to acquire the property. We affirm insofar as appealed from.
The Supreme Court correctly determined that the DEC's denial of the petitioners' [*2]application did not result in a taking of the petitioners' property without just compensation, since the petitioners failed to demonstrate that, at the time they acquired title, they possessed the right to develop and use the property in the manner in which they proposed (see Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 617; Matter of Brotherton v Department of Envtl. Conservation of State of N.Y., 252 AD2d 498, 499).
The petitioners' remaining contentions are without merit.
COHEN, J.P., MILLER, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court