Matter of Reddock v New York State Dept. of Envtl. Conservation (2019 NY Slip Op 07942)





Matter of Reddock v New York State Dept. of Envtl. Conservation


2019 NY Slip Op 07942


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-00731
 (Index No. 4985/17)

[*1]In the Matter of Gregory Reddock, et al., petitioners,
v
New York State Department of Environmental Conservation, et al., respondents.


McGiff Halverson Dooley, LLP, Patchogue, NY (Robert R. Dooley of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Blair J. Greenwald of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Basil Seggos, Commissioner of the New York State Department of Environmental Conservation, dated July 26, 2017. The determination, after a hearing, denied the petitioners' application for a permit pursuant to the Wild, Scenic and Recreational Rivers System Act (ECL 15-2701 et seq.) and an area variance.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners own a 2.07-acre parcel of real property improved by a single-family dwelling and a detached two-car garage used as a recreation room. They sought to subdivide their property into a 1.07-acre lot and a 1.00-acre lot, to raze the garage on one lot, and to construct a new single-family dwelling on the other lot. Since the property lies within the recreational river area of the Nissequogue River (see ECL 15-2714[3][ee]), it is subject to the Wild, Scenic and Recreational Rivers System Act (ECL 15-2701 et seq. [hereinafter WSRRSA]) and its implementing regulations (6 NYCRR part 666). The petitioners filed an application for a WSRRSA permit and an area variance from the requirement that each private dwelling in a recreational river area must be located on a lot of at least two acres (see 6 NYCRR 666.13[C][2][b], note [iii]). After an adjudicatory hearing at which evidence was taken (see ECL 15-2709[3]; 70-0119; 6 NYCRR 624.8), the Commissioner (hereinafter the Commissioner) of the New York State Department of Environmental Conservation (hereinafter the DEC) denied the petitioners' application. The petitioners commenced this proceeding pursuant to CPLR article 78 to review that determination.
"Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence" (Matter of Fortuna v City of White Plains, 170 AD3d 1011, 1011; see CPLR 7803[4]; Matter of Campo v City of Mount Vernon, 156 AD3d 694, 694; Matter of Wilson v Iwanowicz, 97 AD3d 595, 595; Matter of DeCillis v Grannis, 69 AD3d 851, 851). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Mangels v Zucker, 168 AD3d 1060, 1061; see Matter of Johnson v Griffin, 168 [*2]AD3d 734, 736; Matter of Wilson v Iwanowicz, 97 AD3d at 595-596; Matter of DeCillis v Grannis, 69 AD3d at 851). "[I]t is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (Matter of Scuderi v Gardner, 103 AD3d 645, 646-647 [internal quotation marks omitted]; see Matter of Wilson v Iwanowicz, 97 AD3d at 596; Matter of DeCillis v Grannis, 69 AD3d at 852).
Contrary to the petitioners' contention, the Commissioner's determination to deny their application for a WSRRSA permit and an area variance under the standards set forth in 6 NYCRR 666.9(a)(2) was supported by substantial evidence (see Matter of Wilson v Ivanowicz, 97 AD3d at 596; Matter of DeCillis v Grannis, 69 AD3d at 852). The Commissioner was entitled to consider the precedential effect that granting a variance to the petitioners would have on future applications for subdivisions which do not comply with the DEC's WSRRSA regulations (see ECL 3-0301[1][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 615). Moreover, the petitioners failed to demonstrate that the DEC issued a variance for other noncompliant properties in the river corridor.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court