[947 NE2d 140, 922 NYS2d 249]

In the Matter of RIDGE ROAD FIRE DISTRICT, Appellant, v MICHAEL P. SCHIANO, as Hearing Officer Designated Pursuant to a Collective Bargaining Agreement between Ridge Road Fire District and Ridge Road Professional Firefighters Association IAFF, Local 3794, International Association of Firefighters, AFL-CIO, et al., Respondents.

Argued February 16, 2011; decided April 5, 2011

**POINTS OF COUNSEL**

*Coughlin & Gerhart, LLP*, Binghamton (*Mary Louise Conrow* and *Katelyn R. Dumont* of counsel), for appellant. I. The appellate court erred by improperly reviewing the proceeding de novo,

applying an incorrect standard of review and substituting its judgment for that of the Ridge Road Fire District when it overturned the District's denial of General Municipal Law § 207-a benefits. (*Matter of Miller v DeBuono*, 90 NY2d 783; *Matter of Kingston v Gorman*, 17 AD3d 1079; *Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 293 AD2d 37; *Matter of Foresta v New York State Policemen's & Firemen's Retirement Sys.*, 95 AD2d 893; *Matter of Root v Regan*, 90 AD2d 654; *Matter of De Giacomo v Regan*, 84 AD2d 629, 55 NY2d 605; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of Toys "R" Us v Silva*, 89 NY2d 411; *Matter of Berger v Board of Fire Commr. of the Jericho Fire Dist.*, 71 AD3d 881; *Matter of Tezeno v City of Watertown*, 37 AD3d 1122.) II. The Fourth Department violated public policy and the Taylor Law when it interfered with the collective bargaining agreement by changing the standard of review and deciding the matter de novo. (*Matter of Antonopoulou v Beame*, 32 NY2d 126; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73; *Dye v New York City Tr. Auth.*, 88 AD2d 899; *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Steelworkers v Rawson*, 495 US 362; *Matter of Green [Republic Steel Corp.— Levine]*, 37 NY2d 554; *Matter of Roma v Ruffo*, 92 NY2d 489; *Matter of Miller v DeBuono*, 90 NY2d 783.) III. The Fourth Department's incorrect application of the standard of review has created an irreconcilable fissure within the appellate courts. (*Matter of Price v Southwest Airlines, Inc.*, 66 AD3d 1267; *Matter of Walls v Wing*, 292 AD2d 624; *Matter of Cocozzo v Ward*, 162 AD2d 202; *Matter of DeOliveira v New York State Dept. of Motor Vehs.*, 271 AD2d 607; *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53; *Matter of 3902 Long Beach Rd. v New York State Liq. Auth.*, 155 AD2d 463; *State Div. of Human Rights v Dynasty Hotel*, 222 AD2d 263; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207; *Matter of Pierce [Utica Mut. Ins. Co.]*, 110 AD2d 1023; *Matter of Joyce v European Auto Serv.*, 226 AD2d 952.)

*Trevett Cristo Salzer & Andolina P.C.*, Rochester (*Daniel P. DeBolt* and *Lawrence J. Andolina* of counsel), for respondents. I. The Fourth Department applied the correct standard. (*Matter of Giorgio v Bucci*, 267 AD2d 924; *Matter of Williamson v City*

*of Troy,* 284 AD2d 649.) II. The hearing officer's decision was not irrational. (*Matter of Grella v Hevesi,* 38 AD3d 113; *Matter of Khan v New York State Dept. of Health,* 286 AD2d 562; *Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County,* 60 NY2d 979; *People v Shedrick,* 104 AD2d 263; *People v Cohen,* 223 NY 406; *Matter of Hauser v Town of Webb,* 34 AD3d 1353; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227; *Matter of White v County of Cortland,* 97 NY2d 336.) III. The Fourth Department's decision did not violate public policy or the Taylor Law. IV. There is no irreconcilable fissure within the appellate courts. V. The Ridge Road Fire District's position is contrary to the purpose of General Municipal Law § 207-a. (*Matter of Park v Kapica,* 25 AD3d 802.)

### OPINION OF THE COURT

PIGOTT, J.

Respondent Kevin Nowack, a firefighter employed by petitioner Ridge Road Fire District, claimed to have sustained a back injury while on duty on November 7, 2002. Specifically, Nowack claimed that the fire truck he was driving hit a "low spot," manhole cover or pothole in the road, causing the truck's air suspension seat to elevate and "shoot" downward, causing a "twinge" or "tightness" in his low back.

Nowack sought General Municipal Law § 207-a benefits, to which certain firefighters are entitled if they are "injured in the performance of [their] duties" (General Municipal Law § 207-a [1]). He completed an "accident-sickness packet" containing, among other things, an employee injury report, physician report and authorization for medical records. The District denied Nowack's application finding that his complained-of injury was a preexisting one that he sustained while off duty.

Nowack requested a hearing with respect to the District's denial of benefits in accordance with the Collective Bargaining Agreement (CBA) between the District and respondent Ridge Road Professional Firefighters Association IAFF, Local 3794. The CBA provides that a hearing officer "shall conduct the hearing in accordance with the established rules of evidence, consistent with the NYS Administrative Procedure Act," and that "[i]t is the employee['s] burden to prove [that he] is entitled to GML 207-a benefits." The hearing was held before respondent hearing officer Michael Schiano. Nowack and the District

each called witnesses and presented evidence relative to their respective theories of causation.

In his written decision, the hearing officer stated, incorrectly, that the standard of review was "whether or not substantial evidence was presented to *override* the Fire District's Determination" (emphasis supplied), and concluded that there was and that Nowack was therefore entitled to section 207-a benefits. The District challenged this determination in a CPLR article 78 proceeding. Supreme Court granted the petition, annulled the decision, and remanded the proceeding, directing the hearing officer to apply the proper standard of review, namely, whether the District's determination denying Nowack benefits was supported by substantial evidence.

On remand, the hearing officer's second decision proffered the same analysis word-for-word as his first and stated the proper standard of review, but nonetheless concluded that the District's denial of Nowack's section 207-a benefits was not supported by substantial evidence. The District again challenged that determination and Supreme Court granted the District's petition, vacated the decision and reinstated the District's original denial of section 207-a benefits. Supreme Court held that the hearing officer's decision was arbitrary and capricious, and noted that the District's determination denying benefits "was supported by substantial evidence in the record as a whole despite the fact that there was conflicting medical evidence to support a contrary result."

The Appellate Division reversed and dismissed the petition, holding that the District's "denial of benefits, which was based on the determination that the disability was solely related to a prior non-work-related injury, [was] not supported by substantial evidence" (67 AD3d 1342, 1345 [4th Dept 2009]). This Court granted leave, and we reverse.

■ Under the CBA, the hearing officer was required to "conduct the hearing in accordance with the established rules of evidence, consistent with the [New York State] Administrative Procedure Act." That Act provides, in relevant part, that "[n]o decision, determination or order shall be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with *substantial evidence*" (State Administrative Procedure Act § 306 [1] [emphasis supplied]). The parties here agree, and we therefore assume, that,

as applied to this case, the statute requires the District's denial of benefits to be upheld if substantial evidence supports it. Therefore, in accordance with this standard and in light of the CBA's terms, the independent hearing officer was required to give deference to the District's decision and Nowack bore the burden of establishing that the District's denial determination had not been supported by substantial evidence.

This Court has defined "substantial evidence" as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, and "is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The standard "demands only that 'a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997], quoting Borchers and Markell, New York State Administrative Procedure and Practice § 3.12, at 51 [1995]).

▓ Viewing this record as a whole, Supreme Court correctly held that the hearing officer's decision, i.e. that the District's denial of section 207-a benefits was not based on substantial evidence, was arbitrary and capricious. The District's evidence consisted of testimony from its medical expert that Nowack's back injury was not causally related to the November 2002 incident, but was instead attributed to a fractured lumbar vertebra he had sustained in an accident in 1993 and an August 4, 2002 injury. The battalion chief testified that, after Nowack told him that he was experiencing back pain, he prepared an initial report. During his investigation, Nowack did not relate the version of events he now claims is the cause of his injury— that the air suspension seat on a fire truck had malfunctioned— nor did he tell him that he hit a "low spot" or "pothole" in the road. The District offered the further testimony of its group battalion chief, who stated that he had contacted the District mechanic and a representative of the manufacturer, who each examined the seat and found nothing wrong with its operation or adjustment mechanisms. This evidence was significant in light of the testimony by Nowack's neurosurgeon that if the accident did not occur in the manner that Nowack claimed, then he would not causally relate Nowack's injury to a work-related incident. Based on the foregoing, it is clear that there was substantial evidence supporting the District's denial of benefits, and the hearing officer's conclusion to the contrary was irrational as a matter of law.

It is of no consequence that the record also indicates that there was evidence supporting Nowack's contention. Quite often there is substantial evidence on both sides. The applicable standard here was whether the District's denial of benefits was supported by substantial evidence. Thus, the dissent errs in suggesting that, because either side might reasonably have prevailed, we are required to uphold the hearing officer's ruling. To the contrary, since, as all Judges of this Court agree, there is unquestionably substantial evidence supporting both sides' positions, the hearing officer acted arbitrarily in deciding that none supported the District's. The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

Chief Judge LIPPMAN (dissenting). This would seem to be an easy case. The decision of a hearing officer as to whether a firefighter is entitled to General Municipal Law § 207-a benefits, issued pursuant to a procedure outlined in a collective bargaining agreement (CBA), has been challenged as arbitrary under CPLR article 78. There is, as the majority acknowledges, evidence supporting the hearing officer's decision, and, as the majority also acknowledges, "[q]uite often there is substantial evidence on both sides" (majority op at 500). In such cases, the decisions made by hearing officers are to be upheld, as the court's role in an article 78 proceeding is not to decide which side has the most persuasive case, but simply to decide if the hearing officer acted arbitrarily. This appeal is no different in any meaningful respect—the hearing officer determined that the firefighter met his burden under the CBA, concluded that the firefighter was injured in the performance of his duties, and concluded on the record before him that the fire district's "initial determination" denying the firefighter benefits was not supported by substantial evidence. Support for all of those conclusions is found in this record. Thus, the firefighter is, without question, entitled to receive his benefits.

Under this CBA, when a firefighter believes that he or she may be entitled to General Municipal Law § 207-a benefits, the Ridge Road Fire District (the District) makes what the CBA refers to as an "initial determination" with respect to benefits based on an "accident-sickness packet" completed by the firefighter. If, as here, the District denies benefits, the firefighter may take an appeal to a hearing officer to be chosen at random from a list of names attached to the CBA in an appendix. The hearing officer, pursuant to the CBA, conducts a hearing "in

accordance with the established rules of evidence, consistent with the NYS Administrative Procedure Act." There is no dispute that the CBA, by reference to the Administrative Procedure Act, directs the hearing officer to apply the substantial evidence standard to the District's "initial determination," nor should there be dispute that it is the hearing officer's decision, made after the record is developed at the hearing, that the CBA provides may be "appeal[ed]" by either the firefighter or the District pursuant to CPLR article 78.

Unlike the "initial determination" made by the District's review of the "accident-sickness packet" of forms and other documentation, the hearing officer's decision is made after a full hearing. The hearing officer in this case took medical evidence from several physicians, heard testimony from various witnesses, including the firefighter and others who interacted with him on the day of the alleged accident, and reviewed evidence concerning the operation of and inspections of the air suspension seat. As every court that has reviewed this record has acknowledged, there is evidence supporting the contentions of each side.

The majority states, however, that "[i]t is of no consequence that the record also indicates that there was evidence supporting" (majority op at 500) the firefighter's contention and the hearing officer's decision. I disagree. When the majority states that "[t]he applicable standard here was whether the District's denial of benefits was supported by substantial evidence" (majority op at 500), it is correct only insofar as that was the standard to be applied by the hearing officer. That is most certainly not the standard for the courts to apply in this CPLR article 78 proceeding challenging the hearing officer's decision. The District's decision is not before us; we are not faced with determining, as the majority would have it, "whether the District's denial of benefits was supported by substantial evidence" (majority op at 500). Rather, we are faced with determining whether the hearing officer's decision was arbitrary.

Moreover, the majority appears in great measure to base its approach to the standard of review on a perceived agreement between the parties as to how the hearing officer was to apply the substantial evidence standard (majority op at 498-499). However, the majority is mistaken; the parties here are not in agreement as to whether the District's initial determination to deny benefits was to be upheld if substantial evidence supported it. As the majority notes, State Administrative Procedure Act

§ 306 (1) (borrowed by the parties and applied to the hearing officer's job here only through the CBA's reference to it), provides that the substantial evidence standard is to be applied "upon consideration of the record as a whole." The record "as a whole," however, did not even exist at the time the District made its initial determination; rather, the record was created at the hearing conducted by the hearing officer.

The hearing officer, who heard and weighed all of the evidence, determined that the firefighter met his burden under the CBA and was entitled to General Municipal Law § 207-a benefits. When that decision is challenged as arbitrary in a CPLR article 78 proceeding, courts are not to weigh the persuasiveness of the evidence. Here, for instance, the majority comments that certain testimony from the District's battalion chief to the effect that he "contacted the District mechanic and a representative of the manufacturer, who each examined the seat and found nothing wrong with its operation or adjustment mechanisms" is "significant" (majority op at 499). The majority finds this evidence to be important "in light of the testimony" from the firefighter's "neurosurgeon that if the accident did not occur in the manner" the firefighter claimed, then "he would not causally relate" the injury to the alleged "work-related incident" (majority op at 499). The evidence on that point, however, is not at all clear cut. The majority, without an apparent rationale, finds it less significant that the neurosurgeon testified that if the incident did occur as the firefighter claimed it did (and the hearing officer concluded that the firefighter did sustain his injuries in the performance of his duties), then he would tie the firefighter's back injury to the work-related incident.

The conclusions to be reached from a detailed analysis of various portions of the testimony taken at the hearing is largely beside the point. This Court should not parse the relative significance or insignificance of the testimony the hearing officer heard. That was the role of the hearing officer and the entire purpose of holding a hearing. Other than to ascertain whether the hearing officer's decision was arbitrary and capricious, it simply is not the judiciary's job to weigh such conflicting evidence in an article 78 proceeding. The majority not only mistakes this Court's role, it gives the "initial determination" the veneer of an evidentiary hearing and elevates it beyond what it was—a preliminary decision made on the basis of a packet of forms—while vitiating the role of the officer conducting the only full hearing in this case.

Pursuant to the CBA, the District's "initial determination" is made by the "chief or his designee," who "will review the accident-sickness packet" of forms submitted by the firefighter and review "any available medical records and interviews with any witnesses." There was no testimony before the fire chief or his designee; testimony, like the testimony the majority relies upon, was only received by the hearing officer in the course of the full hearing. It was only during that hearing that evidence was marshaled, testimony was heard, and arguments relevant to the firefighter's eligibility for General Municipal Law § 207-a benefits were made.

Given this CBA's structure, by necessity the hearing officer was aware of the limited documentation that was before the fire chief or his designee when that determination was made. He was also in a position to compare that packet of forms to the fully developed record before him after the actual evidentiary hearing. It is from that vantage point that he is charged with determining whether or not substantial evidence supports the "initial determination" to deny benefits. To view the "initial determination" as the majority seems to—as a determination akin to a decision reached after review of a fully developed record that must be upheld by the hearing officer if it has any meaningful support at all—is to render this CBA's hearing process nonsensical. By the parties' design, the outcome reached by the District after only a preliminary review of application materials was not intended to be the final determination; rather, the hearing officer's decision reached after a full hearing was the final administrative determination that could be challenged in an article 78 proceeding. Thus, on this appeal, we are only to determine whether the hearing officer's decision was arbitrary.

Once it is clear which decision is before us and what the standard of review is, the analysis is straightforward. We "have noted that rationality is the underlying basis for both the arbitrary and capricious standard and the substantial evidence rule" (*Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240 [1997]), and "where substantial evidence exists" to support a decision being reviewed by the courts, "that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (*Matter of Collins v Codd*, 38 NY2d 269, 270 [1976]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). With respect to causation in this context, it is settled that the firefighter "need only prove

a direct causal relationship between job duties and the resulting illness or injury," and that preexisting "non-work-related conditions do not bar recovery" where the firefighter "demonstrates that the job duties were a direct cause of the disability" (*Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]).

As the hearing officer's decision that the firefighter was injured in the course of performing his duties and was entitled to General Municipal Law § 207-a benefits was rational, I cannot join the majority's determination to disturb it.

Judges GRAFFEO, READ and SMITH concur with Judge PIGOTT; Chief Judge LIPPMAN dissents and votes to affirm in a separate opinion in which Judges CIPARICK and JONES concur.

Order reversed, etc.