■ In the Matter of 50 West Realty Company, L.P., Petitioner, v Environmental Control Board of the City of New York et al., Respondents. [990 NYS2d 199]—

Determination of respondent, Environmental Control Board of the City of New York (ECB), dated November 17, 2011, which, after a hearing, found that petitioner violated Administrative Code of the City of New York § 28-118.3.2, and imposed a

penalty of $500, unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered on or about Jan. 17, 2013), granted.

Respondent ECB failed to introduce substantial evidence that petitioner violated Administrative Code § 28-118.3.2 by making a change to its building that was inconsistent with the last issued certificate of occupancy (CO) (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). Indeed, there was no evidence that the building had been changed at all since the October 1992 issuance of the amended CO, or that the general nature of the building's tenancies had changed since petitioner acquired title to the building in 1994 so as to effectuate the kind of alterations contemplated by the Code. At the hearing, petitioner's architectural and professional engineering expert testified that when the certificate was issued in 1992, the custom and practice was to designate only the most intensive occupancy use, which would necessarily include and authorize all less intensive uses, and that the designated "light manufacturing" use permitted the less intensive uses of professional offices and architectural and design studios that were noted at the time of the alleged violation in May of 2010. The Department of Building's inspector who issued the notice of violation did not testify, and besides the notice itself, respondents did not introduce any evidence at the hearing to counter petitioner's expert's testimony, or to support the inspector's apparent surmise and conjecture that petitioner made impermissible changes to the building (see Matter of Modiano Realty Inc. v Environmental Control Bd. of the City of N.Y., 106 AD3d 541 [1st Dept 2013]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.