■ In the Matter of CLAN FITZ, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [42 NYS3d 241]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated August 27, 2014, which adopted the recommendation of an administrative law judge dated June 27, 2014, made after a hearing, sustaining one charge that the petitioner had violated Alcoholic Beverage Control Law § 100 (4) and 67 charges that the petitioner had violated Rules of State Liquor Authority (9 NYCRR) § 48.3, cancelled the petitioner's liquor license, and imposed a $1,000 bond claim.

Adjudged that the petition is granted, with costs to the respondent, to the extent that so much of the determination as found that the petitioner had violated Alcoholic Beverage Control Law § 100 (4) under charge two is annulled, that charge is dismissed, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

" 'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence' " (*Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 109 AD3d 933, 933 [2013], quoting *Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 651 [2013] [internal quotation marks omitted]; *see Matter of Albany Manor, Inc., v New York State Liq. Auth.*, 44 AD3d 759, 759 [2007]). Substantial evidence is " '[m]ore than seeming or imaginary, [and] it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (*Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 109 AD3d at 934, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). " 'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d at 652, quoting *Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]).

Here, contrary to the petitioner's contention, so much of the determination of the respondent, the New York State Liquor Authority, as sustained 67 charges that the petitioner violated Rules of State Liquor Authority (9 NYCRR) § 48.3, is supported by substantial evidence that there were multiple code violations on the petitioner's licensed premises (*see Matter of 2169 Cent. Ltd. v New York State Liq. Auth.*, 110 AD3d 1310, 1311 [2013]; *Matter of Hogs & Heifers v New York State Liq. Auth.*, 294 AD2d 137, 138 [2002]). Further, 9 NYCRR 48.3 is not

unconstitutional or ultra vires, "since its purpose is to further implement the Alcoholic Beverage Control Law, it does not 'add[ ] a requirement that does not exist,' and it is in harmony with the Alcoholic Beverage Control Law" (*Matter of Arco Iris Night Club Corp. v New York State Liq. Auth.*, 122 AD3d 407, 408 [2014], quoting *Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]).

The petitioner is correct, however, that there was no substantial evidence to support charge two, which alleged a violation of Alcoholic Beverage Control Law § 100 (4). The respondent failed to present any testimony or documentary evidence to establish that the petitioner operated more than the permissible number of licensed bars on its premises. In this regard, the only evidence in the record was the testimony of a Town of East Hampton code enforcement inspector that he had only observed one outdoor bar at the time of his inspection.

The penalty imposed by the respondent is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d at 652; *Matter of Cantina El Bukis Corp. v New York State Liq. Auth.*, 46 AD3d 557, 558 [2007]), even in light of our determination that one of the charges was not supported by substantial evidence.

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.