■ In the Matter of BRACCO'S CLAM & OYSTER BAR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [64 NYS3d 577]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated June 30, 2016, as adopted the recommendation of an Administrative Law Judge dated March 17, 2016, made after a hearing, sustaining two charges that the petitioner violated Alcoholic Beverage Control Law § 106 (6) and rule 54.2 of the Rules of the New York State Liquor Authority (9 NYCRR 48.2), and imposed a civil penalty of $4,000.

Adjudged that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In June 2015, the respondent, the New York State Liquor Authority, commenced a proceeding to cancel or revoke the license of the petitioner, Bracco's Clam & Oyster Bar, Inc., based on charges, inter alia, that on May 17, 2015, it suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6), and that it failed to exercise adequate supervision over the conduct of the licensed business in violation of rule 54.2 of the Rules of the New York State Liquor Authority (9 NYCRR 48.2) on that date. At a hearing before an administrative law judge, the respondent presented the testimony of a police sergeant and documents indicating that a fight between patrons occurred at the licensed premises on May 17, 2015. The petitioner presented the testimony of one of its principals, who, among other things, disputed that the altercation occurred at the premises. The administrative law judge credited the respondent's evidence and found that there was substantial evidence to sustain the two charges. On June 30, 2016, the respondent issued a determination, which adopted the administrative law judge's recommendation sustaining those charges and imposed a civil penalty of $4,000. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination, and the Supreme Court transferred the proceeding to this Court.

"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (*Matter of Albany Manor, Inc. v New York State Liq. Auth.*, 44 AD3d 759, 759 [2007]; *see Matter of Clan Fitz, Inc. v New York State Liq. Auth.*, 144 AD3d 1024, 1025 [2016]; *Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 651 [2013]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). It is "[m]ore than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*id.* at 180-181). " 'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d at 652, quoting *Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]). The strict rules of evidence do not apply to administrative proceedings and hearsay evidence is admissible (*see Matter of Culligan's Pub v New York State Liq. Auth.*, 170

AD2d 506 [1991]). Hearsay evidence may constitute substantial evidence if sufficiently relevant and probative and may, under appropriate circumstances, form the sole basis for an agency's determination, unless it is seriously controverted (*see Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 655 [2008]; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth.*, 214 AD2d 727 [1995]).

Here, contrary to the petitioner's contention, the respondent's determination, sustaining the two charges that the petitioner violated Alcoholic Beverage Control Law § 106 (6) and rule 54.2 of the Rules of the New York State Liquor Authority (9 NYCRR 48.2), is supported by substantial evidence (*see Matter of Willis v New York State Liq. Auth.*, 118 AD3d 1013, 1014 [2014]; *Matter of Confetti, Inc. v New York State Liq. Auth.*, 44 AD3d 1041, 1042 [2007]; *cf. Matter of Island Mermaid Rest. Corp. v New York State Liq. Auth.*, 52 AD3d 603, 604 [2008]). Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.