Matter of West v State Univ. of N.Y. at Buffalo (2018 NY Slip Op 01839)





Matter of West v State Univ. of N.Y. at Buffalo


2018 NY Slip Op 01839


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1463 TP 17-00481

[*1]IN THE MATTER OF RYAN WEST, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, OFFICE OF VICE PRESIDENT FOR STUDENT AFFAIRS, RESPONDENT. 






RICHARD L. SULLIVAN, BUFFALO, FOR PETITIONER. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John L. Michalski, A.J.], entered March 9, 2017) to annul a determination of respondent. The determination, inter alia, found that petitioner had nonconsensual sex with another student and placed him on persona non grata status. 
It is hereby ORDERED that the determination is unanimously annulled without costs, the petition is granted, and respondent is directed to expunge all references to this matter from petitioner's school record.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination of respondent that petitioner had nonconsensual sex with another student (complainant) based on complainant's alleged incapacitation. Respondent sanctioned petitioner by placing him on persona non grata status, barring him from the college campus, and making a notation of a disciplinary violation on petitioner's academic transcript. This Court may review whether "the determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]; see Matter of Haug v State Univ. of N.Y. at Potsdam, 149 AD3d 1200, 1201 [3d Dept 2017]). "Substantial evidence" is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]). We conclude that respondent's determination that the complainant lacked the ability to consent because of her incapacitation is not supported by substantial evidence. The complainant's testimony at the disciplinary hearing contradicted her version with respect to the sequence of events made in her statement to the Buffalo Police Department, which statement was the most contemporaneous to the incident. Moreover, the affidavit and testimony of the witness who was with the complainant the morning following the incident was consistent with the complainant's earlier version of the sequence of events, which establishes that she could not have been incapacitated at the time of the incident. Thus, considering the record as a whole, respondent's determination is not supported by substantial evidence and must be annulled (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court