Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation (2023 NY Slip Op 00862)

Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation

2023 NY Slip Op 00862

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-10579 DECISION, ORDER & JUDGMENT
 (Index No. 707956/19)

[*1]In the Matter of Call-A-Head Portable Toilets, Inc., et al., petitioners/appellants, 
v
New York State Department of Environmental Conservation, et al., respondents/respondents.

The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for petitioners/appellants.
Letitia James, Attorney General, New York, NY (Judith N. Vale, Ari J. Savitzky, and Sarah E. Coco of counsel), for respondents/respondents.

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Department of Environmental Conservation dated March 4, 2019, as adopted the recommendation of an administrative law judge dated February 14, 2018, made after a hearing, sustaining 10 causes of action alleging that the petitioners violated ECL 17-0803 and 25-0401, and related regulations, and imposed a civil penalty in the sum of $300,000, jointly and severally payable by the petitioners, $100,000 of which would be suspended if the petitioners/appellants complied with the terms and conditions of the determination, including complying with a restoration plan, and assessed an additional civil penalty against the petitioner Charles W. Howard in the sum of $7,500, which proceeding was transferred to this Court by order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated August 12, 2019, and appeal by the petitioners from the same order.
ORDERED that the appeal is dismissed (see CPLR 5701[b]; 7804[g]); and it is further,
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2004, the respondent/respondent New York State Department of Environmental Conservation (hereinafter the DEC) commenced an administrative enforcement proceeding against the petitioners, alleging that their activities at three sites in Broad Channel (hereinafter Site 1, Site 2, and Site 3) violated the Environmental Conservation Law and related DEC regulations. The DEC filed an amended complaint in 2012, and an administrative hearing was commenced before an administrative law judge (hereinafter the ALJ) on June 13, 2016. The violations at issue here involved, inter alia, the petitioners' alleged expanding of commercial structures without a permit, and discharging of the residual content of portable toilets into Jamaica Bay, also without a permit. Site 1 was previously the subject of a consent order issued in 1994, based, inter alia, upon a prior [*2]inspection in 1992. The consent order gave the petitioner Call-A-Head Corp. temporary authority to operate on Site 1 for 120 days from the effective date of the consent order, noted that the temporary authorization would expire unless renewed by the DEC, and stated that the DEC would not renew the temporary authorization unless Call-A-Head Corp. applied for the permit necessary to operate the site. At the administrative hearing, an employee of the DEC testified that an application for the necessary permit was received by the DEC in 2004, approximately 10 years later, and consideration of that application was suspended due to pending violations.
In February 2017, after the DEC had rested its case, the petitioners discharged their attorney, and the ALJ granted them an extended adjournment so that they could engage new counsel. In May 2017, the petitioners purportedly engaged new counsel, but that attorney subsequently declined to represent them. The ALJ declined to grant a further adjournment, and the administrative hearing was closed without the petitioners having put on a case. Each side was permitted to submit posthearing briefs, through which the DEC withdrew the causes of action pertaining to Site 2.
During the administrative hearing, the DEC presented surveys, photographs, maps, inspection reports, the previously issued summonses, and the testimony of multiple DEC employees who testified as to their observations with respect to the charged violations. Largely crediting the DEC's evidence, the ALJ sustained 10 causes of action against the petitioners, and recommended a civil penalty in the sum of $300,000 for the violations at Site 1, jointly and severally assessed against the petitioners, and an additional civil penalty in the sum of $7,500 for the violation at Site 3, assessed against the petitioner Charles W. Howard. On March 4, 2019, the DEC issued a determination which largely adopted the ALJ's findings and recommendations, but, additionally, suspended $100,000 of the $300,000 civil penalty imposed for the Site 1 violations, contingent upon the petitioners' compliance with the terms and conditions of the determination, including complying with a restoration plan. The petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination, and the Supreme Court transferred the proceeding to this Court (see CPLR 7804[g]).
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Clan Fitz, Inc. v New York State Liq. Auth., 144 AD3d 1024, 1025 [internal quotation marks omitted]; see CPLR 7803[4]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). While substantial evidence is "'more than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt'" (Matter of S & S Pub, Inc. v New York State Liq. Auth., 109 AD3d 933, 934, quoting 300 Gramatan Ave. Assoc., 45 NY2d at 180-181). "The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [internal quotation marks omitted]).
After the close of the administrative hearing, the petitioners contended that the DEC lacked subject matter jurisdiction over Site 1 and Site 3, because those sites were not adjacent to tidal wetlands as defined in the applicable regulations, i.e., 6 NYCRR 661.4(b)(l), in that railroad tracks and roads ran parallel to, and separated the petitioners' property from, the boundaries of the tidal wetlands. Although an objection on the ground of subject matter jurisdiction "may be raised at any time and may not be waived" (Lacks v Lacks, 41 NY2d 71, 74-75), the ALJ properly rejected the petitioners' argument. "Subject matter jurisdiction 'refers to objections that are fundamental to the power of adjudication of a court.' 'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule" (Garcia v Government Empls. Ins. Co., 130 AD3d 870, 871, quoting Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203). Here, the petitioners have not actually raised an objection on the basis of subject matter jurisdiction, as their argument does not address the DEC's statutory powers to adjudicate the underlying controversy (see ECL 3-0301). To the contrary, the petitioners' contention that Sites 1 and 3 are not adjacent to tidal wetlands within the meaning of the applicable regulation (see 6 NYCRR 661.4[b][l]) bears on "a [*3]substantive element of the cause[s] of action and not a jurisdictional element" (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166). In any event, the ALJ rejected the petitioners' argument on the merits, crediting the evidence presented by the DEC during the administrative hearing, including witness testimony and the official tidal wetlands map for the area. Accordingly, the ALJ's conclusion on this matter is supported by substantial evidence in the record.
Contrary to the petitioners' contention, the additional findings and recommendations set forth in the challenged determination are supported by substantial evidence (see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d at 499; 300 Gramatan Ave. Assoc., 45 NY2d at 180-181). We further note that hearsay evidence was properly admitted at the administrative hearing (see People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Bracco's Clam & Oyster Bar, Inc. v New York State Liq. Auth., 156 AD3d 629, 630; Matter of Graham v New Hampton Fire Dist., 131 AD3d 1168; 6 NYCRR 622.11[a][6][vii]).
Since an administrative hearing was held on the DEC's petition, the petitioners were not entitled to a separate hearing regarding the penalty to be imposed (see 6 NYCRR 622.12[f]; Matter of Howard v Cahill, 290 AD2d 712, 715-716). In any event, there was no triable issue of fact warranting a separate hearing. Contrary to the petitioners' contentions, the penalties imposed are not shocking to the conscience of the court (see Matter of Stasack v New York State Dept. of Envtl. Conservation, 176 AD3d 1456, 1460; Matter of Zahav Enters., Inc. v Martens, 150 AD3d 748, 751; Matter of Venditti v New York State Dept. of Envtl. Conservation, 57 AD3d 685, 686; Matter of Oil Co. v New York State Dept. of Envtl. Conservation, 277 AD2d 241, 241-242).
Further, the petitioners failed to state a claim sounding in selective enforcement. To establish a claim of selective enforcement, "a litigant must show that the law was enforced with both an 'unequal hand' and an 'evil eye'; 'to wit, there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification'" (People v Blout, 90 NY2d 998, 999, quoting Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693; see Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631; Matter of Kings Point Holdings, LLC v Kings Point Vil. Justice Ct., 83 AD3d 714). "To establish enough of a case to trigger an evidentiary hearing as of right, a petitioner must show, on the strength of sworn affidavits and other proof supplying factual detail, that he [or she] is more likely than not to succeed on the merits" (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d at 695-696).
As to the first prong of the analysis, the petitioners contend that two companies which operate similar businesses in nearby facilities have not been subject to the same permitting requirements, nor any administrative enforcement proceedings. However, the petitioners have not alleged that, like them, these companies had interactions with the DEC extended over a lengthy period, involving allegations of wrongdoing over a substantial period of time, resulting in a prior consent order. Nor have the petitioners provided any actual evidence of these other companies' activities, or any details of their purportedly similar violations. Accordingly, the petitioners have failed to establish that they and these other companies are similarly situated. Further, and especially in light of the petitioners' unique history, their additional allegations concerning the DEC's counsel furnish no basis for finding that the DEC had an improper motive for pursuing the case against them. Accordingly, the petitioners' showing was insufficient to trigger an evidentiary hearing regarding selective enforcement (see id.).
The petitioners' remaining contentions are without merit.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court