Matter of Ciganik v New York City Off. of Admin. Trials & Hearings (2024 NY Slip Op 01008)

Matter of Ciganik v New York City Off. of Admin. Trials & Hearings

2024 NY Slip Op 01008

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-06862
 (Index No. 714555/20)

[*1]In the Matter of Peter Ciganik, petitioner, 
v
New York City Office of Administrative Trials and Hearings, etc., et al., respondents.

Peter Ciganik, Arverne, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon, Jeremy Pepper, and Martin Rowe of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings dated April 23, 2020. The determination affirmed a determination of a hearing officer dated January 23, 2020, made after a hearing, that the petitioner violated Administrative Code of the City of New York §§ 28-118.3.2 and 28-301.1 and New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 907.2.8 and imposed penalties.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated April 23, 2020, is annulled, the penalties imposed are vacated, the charges that the petitioner violated Administrative Code of the City of New York §§ 28-118.3.2 and 28-301.1 and New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 907.2.8 are dismissed, and the New York City Office of Administrative Trials and Hearings is directed to expunge all entries of violations relating to the subject summonses.
The New York City Department of Buildings (hereinafter the DOB) issued three summonses to the petitioner at an address in Queens, including a summons alleging that the petitioner violated Administrative Code of the City of New York § 28-118.3.2, which prohibits a change to a building that is inconsistent with the certificate of occupancy, by illegally converting Unit A of the property to a transient use by having two guests staying there for fewer than 30 days.
The petitioner testified at a hearing that his property consisted of two adjacent units with separate ground floor entrances: Unit A, which was his permanent residence where he resided, and Unit B, which was occupied by a long-term tenant. The petitioner submitted into evidence, among other things, a copy of a written lease for Unit B. The DOB inspector who issued the summonses did not appear to testify, despite the hearing previously having been adjourned to secure his appearance. The DOB's evidence consisted of the summonses and the certificate of occupancy. The certificate of occupancy authorized the use of the property as a two-family dwelling. At the hearing, the attorney for the DOB speculated that the issuing officer may have visited the tenant's residence, Unit B, and mistakenly written Unit A on the summonses, but the attorney for the DOB argued that this possible error was de minimis.
After the hearing, in a determination dated January 23, 2020, a hearing officer, inter alia, found that the DOB's inspector mistakenly wrote Unit A on the summonses, instead of Unit B, as the place where the violations occurred. The hearing officer determined that the petitioner, as the owner of the subject premises, violated Administrative Code §§ 28-118.3.2 and 28-301.1 and New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 907.2.8 and imposed penalties. In a determination dated April 23, 2020, the New York City Office of Administrative Trials and Hearings (hereinafter OATH) affirmed the determination dated January 23, 2020.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review OATH's determination dated April 23, 2020. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence'" (Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d 684, 685, quoting Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844 [internal quotation marks omitted]; see CPLR 7803[4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Lau v NYC DOB, 209 AD3d 858, 859). "While substantial evidence is [m]ore than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844-845 [internal quotations marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180-181).
Here, we agree with the petitioner that the determination that he violated Administrative Code §§ 28-118.3.2 and 28-301.1 and New York City Building Code § BC 907.2.8 is not supported by substantial evidence. The summonses described all of the charges as being based upon the allegation that the petitioner illegally converted Unit A of the premises to a transient use inconsistent with the certificate of occupancy. While the substantial evidence standard "'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652, quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [internal quotation marks omitted]), here, there was no testimony or evidence provided to demonstrate that the petitioner converted Unit A to a transient use. The DOB offered only surmise and conjecture as to which property the issuing inspector visited, what he observed there, who he spoke with, or what he was told. The record does not demonstrate that the hearing officer was presented with substantial evidence that the petitioner violated Administrative Code § 28-118.3.2 (see id.; Matter of Batra v Egan, 185 AD3d 1020, 1021; Matter of 50 W. Realty Co., L.P. v Environmental Control Bd. of the City of N.Y., 119 AD3d 448, 449; Matter of Modiano Realty Inc. v Environmental Control Bd. of the City of N.Y., 106 AD3d 541; cf. Matter of Betty & Lily Corp. v City of N.Y. Off. of Admin. Trials & Hearings, 172 AD3d 632, 633). Moreover, inasmuch as the remaining two summonses were premised upon a violation of Administrative Code § 28-118.3.2, they, too, were not supported by substantial evidence.
In light of our determination, the petitioner's remaining contentions need not be reached.
Accordingly, we grant the petition, annul the determination dated April 23, 2020, vacate the penalties imposed, and direct OATH to expunge all entries of violations relating to the subject summonses.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court