Matter of Martin v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 01484)

Matter of Martin v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 01484

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, AND HANNAH, JJ.

128 TP 24-01142

[*1]IN THE MATTER OF BRANDON MARTIN, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, BASIL SEGGOS, AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND LOUIS ALEXANDER, AS DEPUTY COMMISSIONER OF NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, RESPONDENTS. 

HARTER SECREST & EMERY LLP, ROCHESTER (MELISSA M. VALLE OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (PATRICK B. OMILIAN OF COUNSEL), FOR RESPONDENTS.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wayne County [Richard M. Healy, A.J.], entered January 9, 2024) to review a determination of respondents. The determination, inter alia, found that petitioner had committed a number of violations of the Environmental Conservation Law. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner is the owner of property that includes a freshwater wetland as designated on a map of respondent New York State Department of Environmental Conservation (DEC). Petitioner constructed a horse barn and a pole barn on the property before starting to construct a pole barn extension (extension). When petitioner applied to the Town of Arcadia (Town) for a building permit for the extension, the Town issued a stop work order and advised petitioner that there might be wetlands in the area where he began construction of the extension. The Town notified the DEC of petitioner's activities, and an investigation began. A biologist with the DEC inspected the property and determined that petitioner had constructed the horse barn, pole barn, and extension in the wetland and adjacent area. At that time, only the framing of the extension had been built, and the biologist advised petitioner that he would likely have to take it down. Despite the warning, petitioner completed construction of the extension. The DEC served petitioner with a complaint alleging that he violated the Environmental Conservation Law by filling, grading, dredging, and constructing in the wetland and adjacent area without a permit.
After a hearing before an administrative law judge (ALJ), the ALJ found that the DEC had met its burden and recommended a penalty of $44,000 and a remedial order requiring petitioner to, inter alia, remove the extension. Louis Alexander, as Deputy Commissioner of the DEC (respondent), adopted the ALJ's hearing report with modifications. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination, and Supreme Court transferred the proceeding to this Court.
Petitioner contends that the DEC did not meet its burden inasmuch as the maps it used were unreliable and incorrect, and the DEC failed to establish that the property was ever filled, dredged, or graded. We reject that contention. It is well settled that "[j]udicial review of an administrative determination made after a hearing required by law, and at which evidence was [*2]taken, is limited to whether that determination is supported by substantial evidence" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844 [2d Dept 2023], appeal dismissed 39 NY3d 1116 [2023], lv denied 40 NY3d 907 [2023], cert denied — US &mdash, 144 S Ct 2580 [2024] [internal quotation marks omitted]; see Matter of Rochester Redevelopment, LLC v New York State Dept. of Envtl. Conservation, 186 AD3d 1099, 1099-1100 [4th Dept 2020]). "[T]he substantial evidence standard is a minimal standard" and refers to "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018] [internal quotation marks omitted]; see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]).
A permit is required to conduct "regulated activities" on freshwater wetlands, as designated on "the official freshwater wetlands map of the state" (ECL 24-0701 [former (1)]). The "regulated activities" include "any form of . . . dredging, excavation, removal of soil . . . ; and any form of dumping, filling, or depositing of
. . . fill of any kind; erecting any structures . . . ; and any other activity which substantially impairs any of the several functions served by freshwater wetlands or the benefits derived therefrom" (ECL 24-0701 [2]). These activities "are subject to regulation whether or not they occur upon the wetland itself, if they impinge or otherwise substantially affect the wetlands and are located not more than [100] feet from the boundary of such wetland" (id.).
The freshwater wetlands map shows that the horse barn, pole barn, and extension were all built in the wetland itself. The DEC biologist who inspected the property testified that he could see where the wetland was and that in the wetland petitioner had removed trees and vegetation, added fill and graded it, burned debris and dredged to remove the burn piles, and constructed the structures. Petitioner admitted that he added fill and graded the area before constructing the structures. Although petitioner's expert gave a different opinion about the wetland boundary, he admitted that the horse barn, pole barn, and extension were built on the adjacent area of the wetland. We conclude that respondent's determination that petitioner violated the Environmental Conservation Law and applicable regulations by filling, grading, dredging, and constructing in the wetland and adjacent area without a permit is supported by substantial evidence (see Call-A-Head Portable Toilets, Inc., 213 AD3d at 845; Matter of Valiotis v State of New York, 95 AD3d 1026, 1027 [2d Dept 2012], lv dismissed 19 NY3d 1008 [2012]).
We reject petitioner's contention that his activities were exempted from the permit requirement based on agricultural productivity. An exemption to the permitting requirement exists for certain agricultural activities, but "structures not required for enhancement or maintenance of the agricultural productivity of the land and any filling activities shall not be excluded" (ECL 24-0701 [former (4)]). Inasmuch as petitioner engaged in filling, respondent's determination that the agricultural exemption does not apply is supported by substantial evidence (see Matter of Russo v Jorling, 214 AD2d 863, 865 [3d Dept 1995], lv denied 86 NY2d 705 [1995]).
We reject petitioner's further contention that the harm was de minimis and that the penalties were excessive. Petitioner testified that the area had been a "farm dump" for years. The DEC's expert testified that a wetland could still perform some of its functions even with trash or foreign materials added, whereas petitioner's activities in filling the wetland can destroy it by reducing its size, function, and benefit. The penalty does not "shock one's sense of fairness" (Matter of Scott v Department of Envtl. Conservation of State of N.Y., 112 AD2d 726, 726 [4th Dept 1985], lv denied 66 NY2d 606 [1985]; see Call-A-Head Portable Toilets, Inc., 213 AD3d at 846; see generally Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068 [2018]).
We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court