Matter of Ecology Sanitation Corp. v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 05082)

Matter of Ecology Sanitation Corp. v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 05082

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-05852
 (Index No. 602400/20)

[*1]In the Matter of Ecology Sanitation Corp., et al., petitioners, 
v
New York State Department of Environmental Conservation, et al., respondents.

Leslie R. Bennett LLC, Melville, NY, for petitioners.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Linda Fang, and Kartik Naram of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Department of Environmental Conservation dated November 21, 2019, as adopted the recommendation of an administrative law judge dated August 29, 2019, made after a hearing, finding that the petitioners violated 6 NYCRR former 360-1.7 and former 360-16.1(c), and that the petitioners Ecology Sanitation Corp. and Ernest DeMatteo violated a certain consent order, and imposing a civil penalty in the sum of $85,000, jointly and severally payable by the petitioners, and environmental monitoring fees in the sum of $13,100, jointly and severally payable by the petitioners Ecology Sanitation Corp. and Ernest DeMatteo.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, the proceeding is dismissed on the merits, and the respondents' counterclaims are granted, with costs.
In October 2015, the respondent New York State Department of Environmental Conservation (hereinafter DEC) commenced an administrative enforcement proceeding against the petitioners, alleging that their activities at a facility located in Bohemia (hereinafter the Bohemia facility) violated the Environmental Conservation Law and related DEC regulations. According to the administrative complaint, the violations at issue involved, inter alia, the petitioners' operation of a solid waste management facility in violation of the former Part 360 by accepting and processing "creosote-soaked railroad ties," and the failure to pay environmental monitoring fees owed as a result of two previous consent orders entered into with the DEC for operating solid waste management facilities without a Part 360 permit. The petitioners interposed an answer to the administrative complaint in which they asserted several affirmative defenses, including, inter alia, that the operations at the Bohemia facility were not regulated by Part 360 because the petitioners did not operate a solid waste management facility and based on their compliance with a guidance letter they had received from the DEC's Office of General Counsel in 2010.
During an administrative hearing, the DEC presented, inter alia, photographs, and the testimony of DEC employees who testified as to their observations of the alleged violations and compliance. The petitioners presented, among other things, correspondence, photographs, and [*2]testimony from the petitioner Ernest DeMatteo and his counsel. After the hearing, an administrative law judge (hereinafter ALJ) found, inter alia, that the petitioners violated 6 NYCRR former 360-1.7 and former 360-16.1(c) and that the petitioner Ecology Sanitation Corp. (hereinafter Ecology Sanitation) and DeMatteo violated a 2008 consent order. The ALJ also recommended a civil penalty in the sum of $85,000, jointly and severally payable by the petitioners, and environmental monitoring fees in the sum of $13,100, jointly and severally payable by Ecology Sanitation and DeMatteo. On November 21, 2019, the DEC issued a determination, which, inter alia, adopted those findings and recommendations.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review that portion of the DEC's determination. The DEC and the respondent Basil Seggos answered the petition and asserted counterclaims related to the unpaid $85,000 civil penalty and the $13,100 environmental monitoring fees. The Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g).
"'Judicial review of an administrative determination made after a hearing required by law at which evidence was taken, is limited to whether that determination was supported by substantial evidence'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844, quoting Matter of Clan Fitz, Inc. v New York State Liq. Auth., 144 AD3d 1024, 1025; see CPLR 7803[4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "While substantial evidence is more than seeming or imaginary, it is less than a preponderance of the evidence . . . or evidence beyond a reasonable doubt" (id. at 844-845 [alteration and internal quotation marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180-181). "'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 845, quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499).
Here, contrary to the petitioners' contentions, the findings and recommendations set forth in the challenged determinations are supported by substantial evidence (see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d at 499; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180-181). Indeed, substantial evidence supports the finding that the petitioners operated a solid waste management facility without the requisite permit or authorization. Substantial evidence further supports the finding that the then-applicable regulations applied to the petitioners and the Bohemia facility.
Further, because the petitioners were operating a solid waste management facility without a permit or authorization at the Bohemia facility, Ecology Sanitation and DeMatteo violated that portion of the 2008 consent order that required them to pay an environmental monitoring fee.
Contrary to the petitioners' contention, the penalty imposed was proper and in accordance with DEC guidelines (see generally Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 846; Matter of Stasack v New York Dept. of Envtl. Conservation, 176 AD3d 1456, 1460; Matter of Zahav Enters., Inc. v Martens, 150 AD3d 748).
Additionally, the respondents are entitled to judgment on their counterclaims as they met their prima facie burden to establish they were entitled to judgment as a matter of law, and the petitioners failed to raise a triable issue of fact in response (see Matter of Valiotis v State of New York, 151 AD3d 980).
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court