MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
In this proceeding pursuant to Administrative Code of the City of New York § 8-123 and CPLR article 78, petitioners challenge a determination of the New York City Commission on Human Rights ordering them to install a wheelchair-accessible entrance to an apartment by converting a window into a doorway and installing a ramp (see Administrative Code of the City of New York § 8-107[15][a] ). The issue we must resolve is whether the Commission's conclusion that petitioners failed to meet their burden of proving undue hardship is "supported by substantial evidence on the record considered as a whole" (Administrative Code of the City of New York § 8-123[e]; see also CPLR 7803[4] [article 78 proceeding may raise the question "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence"] ).
***1047 Petitioners claim that the requested accommodation would cause undue hardship in the conduct of their business (see NYC Administrative Code § 8-102[18] ) because it would be structurally infeasible. Contrary to petitioners' contention, the question before the Court is not whether "there is substantial evidence ... that the requested accommodation is structurally infeasible." Rather, it is the Commission's determination to which we must apply the "substantial evidence" standard of review. In light of the Commission's ruling in favor of respondents and because petitioners have the burden of demonstrating undue hardship (see id. ), the issue is whether there is substantial evidence to support the Commission's conclusion that petitioners failed to carry that burden.
"Quite often there is substantial evidence on both sides" of an issue disputed before an administrative agency ( Matter of Ridge Rd. Fire Dist. v. Schiano, 16 N.Y.3d 494, 500, 922 N.Y.S.2d 249, 947 N.E.2d 140 [2011] ), and the substantial evidence test "demands only that a given inference is reasonable and plausible, not necessarily the most probable" ( id. at 499, 922 N.Y.S.2d 249, 947 N.E.2d 140 [internal *851 **512 quotation marks and citation omitted] ). Applying this standard, "[c]ourts may not weigh the evidence or reject [a] determination where the evidence is conflicting and room for choice exists" ( Matter of State Div. of Human Rights (Granelle), 70 N.Y.2d 100, 106, 517 N.Y.S.2d 715, 510 N.E.2d 799 [1987] ). Instead, "when a rational basis for the conclusion adopted by the [agency] is found, the judicial function is exhausted. The question, thus, is not whether [the reviewing court] find[s] the proof ... convincing, but whether the [agency] could do so" ( id. [citations omitted] ).
The Commission considered evidence presented at the hearing that petitioners had carried out a window-to-door conversion elsewhere in petitioners' residential complex, similar to that proposed as a feasible reasonable accommodation by an architect retained by petitioners and by an architect who testified for respondents. No evidence was presented that this prior window-to-door conversion had imposed any hardship on petitioners, and substantial evidence supports the determination that petitioners did not prove that the proposed conversion would require alterations significantly different from the previous one. The Commission could rationally conclude that petitioners failed to carry their burden of proving that the proposed accommodation would cause undue hardship in the conduct of their business.
To the extent reviewable, we conclude that the Commission's determination should not otherwise be disturbed.