Matter of Ansley v Jamesville-DeWitt Cent. Sch. Dist. (2019 NY Slip Op 05439)





Matter of Ansley v Jamesville-DeWitt Cent. Sch. Dist.


2019 NY Slip Op 05439


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


90 TP 18-01530

[*1]IN THE MATTER OF PATRICIA L. ANSLEY, PETITIONER,
v
JAMESVILLE-DEWITT CENTRAL SCHOOL DISTRICT, RESPONDENT.






O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PETITIONER.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (SUBHASH VISWANATHAN OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Gregory R. Gilbert, J.], entered June 18, 2018) to review a determination of respondent. The determination terminated the employment of petitioner. 
It is hereby ORDERED that the determination is modified on the law and the petition is granted in part by vacating the penalty imposed, and as modified the determination is confirmed without costs and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul respondent's determination finding petitioner guilty of disciplinary charges and terminating her employment as a school bus driver after an incident in which petitioner slapped a student.
At a hearing conducted by respondent pursuant to Civil Service Law § 75, petitioner testified that she had been employed as a bus driver for 20 years, including 18 years with respondent, had driven special education students for five years, and had been struck or injured by students on more than 20 prior occasions. Petitioner testified that, although she had to "separate or corral" students on occasion, she had never previously made physical contact with a student and was never reprimanded for her actions. The record reflects that, before the incident giving rise to this proceeding, petitioner's disciplinary record was unblemished.
On the day of the incident, at school dismissal time, a nine-year-old special needs student, who was known to frequently run off the bus, ran away from the bus. A social worker then provided assistance to help the child board the bus. Once he boarded, the student started to yell and scream when his assigned bus attendant offered him only a book instead of the toy truck that he was accustomed to receiving upon boarding the bus. The attendant could not restrain him, and the student tried to run off the bus. The attendant followed him down the bus aisle while the social worker and petitioner came down the aisle from the front of the bus, blocking the student's way. It is undisputed that, at this point, the student became very aggressive and started to swing his arms at the social worker and punch petitioner. Petitioner testified that, when the student hit her, she became concerned that a nearby student might also be hit by him. Also on the bus during the incident was another student who was prone to kicking, and who was becoming increasingly upset and agitated by the situation.
Testimony at the hearing also established that as petitioner and the social worker tried to calm the student, he punched petitioner in the stomach. Petitioner then allegedly slapped the student on the face with her open hand. The student was later observed to have a hand-shaped red mark on his face. He declined medical attention, and the record is devoid of any evidence of medical treatment for the student or testimony from the student describing his pain. As a result [*2]of the incident, petitioner was subjected to criminal charges, which were ultimately dismissed in furtherance of justice (see CPL 170.30 [1] [g]; 170.40).
Contrary to petitioner's contention, the determination finding her guilty of three disciplinary charges is supported by substantial evidence. "It is well established that substantial evidence is generally the applicable evidentiary standard for disciplinary matters involving public employees under Civil Service Law § 75" (Matter of Marentette v City of Canandaigua, 159 AD3d 1410, 1412 [4th Dept 2018], lv denied 31 NY3d 912 [2018]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047 [2018], rearg denied 32 NY3d 903 [2018]) and, given that the Hearing Officer was entitled to resolve any issues of credibility whether petitioner deliberately slapped the student (see Marentette, 159 AD3d at 1412), we conclude that there is substantial evidence to support respondent's determination.
With respect to the penalty, however, in light of petitioner's otherwise unblemished disciplinary record during her 20 years as a school bus driver, including five years driving special needs students, we conclude that termination, absent any other previous progressive disciplinary steps, is so disproportionate to the offense committed as to shock one's sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233-234 [1974]). Although we are mindful of our limited role in evaluating the discipline imposed here (see generally Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068 [2018]), we nevertheless conclude that the circumstances of this unfortunate occurrence, viewed in the specific context of petitioner's background, establish that the harsh penalty of termination was disproportionate and shocking to our sense of fairness. Petitioner was confronted by a student who, due to his special needs, lost control of his behavior and was significantly disrupting the other students on the bus, some of whom were also struggling to behave. Petitioner's conduct was not premeditated and, under these circumstances, appears to be the result of a momentary lapse of judgment. There is nothing in petitioner's employment history to suggest that she will ever engage in similar conduct again.
Although termination in these circumstances shocks our sense of fairness, we do not condone petitioner's behavior, and only conclude that some form of discipline short of termination would be appropriate. We therefore modify the determination by granting the petition in part and vacating the penalty imposed, and we remit the matter to respondent for the imposition of an appropriate penalty less severe than termination (see Matter of Smith v Board of Educ., Onteora Cent. School Dist., 221 AD2d 755, 758 [3d Dept 1995], lv denied 87 NY2d 810 [1996]; Matter of Ross v Oxford Academy & Cent. School Dist., 187 AD2d 898, 898 [3d Dept 1992], lv denied 81 NY2d 705 [1993]; Matter of Borkhuis v Quinn, 158 AD2d 917, 917 [4th Dept 1990]).
All concur except Carni and Troutman, JJ., who dissent in part and vote to confirm in the following memorandum:We respectfully dissent. Although we agree with the majority that the record contains substantial evidence to support the finding that petitioner committed the misconduct alleged, we conclude that the penalty is appropriate. Therefore, we would confirm the determination.
Petitioner was a school bus driver. After notice and a hearing pursuant to Civil Service Law § 75, she was found to have committed three acts of misconduct. The first charge was that she slapped a student across the face severely enough to leave a red mark on his skin. The second was that, in doing so, she violated respondent's policy on "Child Abuse in an Educational Setting" by intentionally or recklessly inflicting physical injury on the student. In recommending termination, the hearing officer noted that petitioner displayed no remorse for her misconduct, but rather blamed the student for running into her, causing incidental contact with her hand.
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069 [2018, Rivera, J., concurring]). Unlike in [*3]criminal sentencing (see CPL 470.15 [6] [b]), we lack the authority to review an administrative penalty as a matter of discretion in the interest of justice (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). Instead, we must uphold an administrative penalty unless it " is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). "This calculus involves consideration of whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general" (Kelly, 96 NY2d at 38, citing Pell, 34 NY2d at 234).
The majority upholds, as we would, the finding that petitioner violated respondent's child abuse policy by striking a student across the face using an open hand (see generally Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047 [2018], rearg denied 32 NY3d 903 [2018]). Contrary to the majority, however, in light of the seriousness of that misconduct, we conclude that termination "d[oes] not shock the conscience, despite [petitioner's 20] years of unblemished service" (Bolt, 30 NY3d at 1071 [Rivera, J., concurring], citing Matter of Lozinak v Board of Educ. of the Williamsville Cent. Sch. Dist., 24 NY3d 1048, 1049 [2014]; see Kelly, 96 NY2d at 39-40).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court