Matter of Carola B.-M. v New York State Off. of Temporary & Disability Assistance (2021 NY Slip Op 07401)





Matter of Carola B.-M. v New York State Off. of Temporary & Disability Assistance


2021 NY Slip Op 07401


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


968 TP 19-01463

[*1]IN THE MATTER OF CAROLA B.-M. AND TIARA M., MOTHER AND DEPENDENT DAUGHTER, ISAIAH M.M., AN INFANT, PETITIONERS,
v
NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE AND ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 






HARTER SECREST & EMERY LLP, BUFFALO (MARY CLAIRE HAMILTON OF COUNSEL), FOR PETITIONERS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE.
KATHERINE BOGAN, COUNTY ATTORNEY, ALBION (JOHN C. GAVENDA OF COUNSEL), FOR RESPONDENT ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Orleans County [Tracey A. Bannister, J.], entered August 1, 2019) to review a determination of respondent New York State Office of Temporary and Disability Assistance. The determination, among other things, denied the application of petitioners Carola B.-M. and Tiara M. for supplemental nutrition assistance program benefits. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted and the matter is remitted to respondent Orleans County Department of Social Services for further proceedings in accordance with the following memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul a determination of respondent New York State Office of Temporary and Disability Assistance (respondent) that, among other things, upheld, after a hearing, the denial by respondent Orleans County Department of Social Services (DSS) of supplemental nutrition assistance program (SNAP) benefits (see 18 NYCRR part 387) to Carola B.-M. and Tiara M. (petitioners) on the ground that they were ineligible college students. We agree with petitioners that the determination should be annulled.
"Congress created SNAP to provide food for people in need. SNAP is administered by the states, in compliance with rules and regulations set by the U.S. Department of Agriculture (USDA). SNAP benefits are disbursed to 'household' units based on a formula that considers a household's income and size" (Matter of Leggio v Devine, 34 NY3d 448, 451 [2020]). "To be eligible for SNAP benefits, household members between the ages of 16 and 59 also must comply with work requirements set out in 7 CFR 273.7, promulgated pursuant to the statutory conditions of participation in the program (see 7 USC § 2015 [d] [1]). Household members between the ages of 18 and 49 who are students are exempt from the work requirements set forth in section 273.7 but are not eligible to participate in SNAP unless they comply with student-specific eligibility requirements found in 7 CFR 273.5 (b) (see 7 USC § 2015 [e]; 7 CFR 273.7 [b] [1] [viii])" (id. at 454; see 18 NYCRR 387.1 [ak]).
Pursuant to the federal regulations, a student is ineligible for SNAP benefits unless he or [*2]she qualifies for one of the exemptions listed in 7 CFR 273.5 (b) (see 7 CFR 273.5 [a]). One exemption applies where the student is "physically or mentally unfit" (7 CFR 273.5 [b] [2]). Another exemption applies where the student was "assigned to or placed in an institution of higher education through or in compliance with . . . [a] program under the Job Training Partnership Act of 1974" (7 CFR 273.5 [b] [11] [i]). Similarly, the state regulation provides that a student may be eligible if he or she is physically or mentally unfit (see 18 NYCRR 387.1 [ak]). In addition, a student "who is physically and mentally fit" will be eligible for benefits if he or she meets "at least one" of a list of criteria, including that he or she "be assigned to or placed in an institution of higher education through . . . a Job Training Partnership Act program" (18 NYCRR 387.1 [ak] [7] [i]).
Thus, a student may be eligible for SNAP benefits if he or she is either physically or mentally unfit or was assigned to or placed in an institution of higher education as part of a Job Training Partnership Act (JTPA) program. We thus agree with petitioners that those are separate and distinct bases for eligibility and that respondent failed to determine whether participation in the Adult Career and Continuing Education Services, Vocational Rehabilitation program (ACCES-VR) rendered petitioners eligible for SNAP benefits under the JTPA exemption.
There is no dispute that, at the time of their initial application, petitioners were enrolled in the ACCES-VR program and were assigned to or placed in their college as part of that program, and we agree with petitioners that ACCES-VR qualifies as a JTPA program. "Acces-VR is a New York State run vocational rehabilitation program that 'assists individuals with disabilities to achieve and maintain employment and to support independent living through training, education, rehabilitation, and career development' " (Marcia R. v Commissioner of Social Security, — F Supp 3d &mdash, 2021 WL 2379640, *4 n 4 [WD NY 2021], quoting New York State Education Department Adult Career & Continuing Ed Services, http://www.acces.nysed.gov/vr [last accessed Dec. 7, 2021]). ACCES-VR is a Workforce Innovation and Opportunity Act ([WIOA] 29 USC § 3101 et seq.) program (see OTDA Fair Hearing Decision 8190571L at 4). The WIOA replaced the Workforce Investment Act of 1998 (29 USC § 2801 et seq.; see Coastal Counties Workforce, Inc. v LePage, 284 F Supp 3d 32, 38 [D. Maine 2018], appeal dismissed 2018 WL 3440030 [1st Cir 2018]; Thomas v San Francisco Housing Auth., 2018 WL 1184762, *5 n 8 [ND Cal 2018], affd 765 Fed Appx 368 [9th Cir 2019]), which was the successor to the JTPA (29 USC § 1501 et seq.; see Florida Agency for Workforce Innovation v United States Dept. of Labor, 176 Fed Appx 85, 91 n 9 [11th Cir 2006]; Thomas, 2018 WL 1184762, *5 n 8; Alvarado v Manhattan Worker Career Ctr., 2002 WL 31760208 *1 [SD NY 2002]).
We thus conclude that the determination that petitioners were ineligible college students was not " 'premised upon a reasonable interpretation of the relevant [regulatory] provisions' " (Matter of Albino v Shah, 111 AD3d 1352, 1354 [4th Dept 2013], quoting Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 658 [1998]; see OTDA Fair Hearing Decision 8190571L at 3-4; see also OTDA Fair Hearing Decision 8194560H at 4-5) and, as a result, is not supported by substantial evidence (see generally Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047 [2018], rearg denied 32 NY3d 903 [2018]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Albino, 111 AD3d at 1354). We therefore annul the determination, grant the petition, and remit the matter to DSS to determine the amount of petitioners' retroactive benefits based on the date of their initial application.
In light of our determination, we need not address petitioners' remaining contentions.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court